IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 1:16CR113-1 |
| | ) | |
| JOSE GUTIERREZ-YANEZ | ) | |

## ORDER

On March 28, 2016, a federal grand jury for this district indicted Defendant Jose Gutierrez-Yanez on one count of willfully, knowingly, and intentionally unlawfully possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II, controlled substance within the meaning of 21 U.S.C. § 812; in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Additionally, Defendant was indicted because he is an alien who had previously been deported and removed from the United States on or about September 17, 2002, and whose removal was subsequent to a conviction for the commission of an aggravated felony. Thereafter Defendant was found in the United States in Reidsville, North Carolina, without having obtained the consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security, to reapply for admission into the United States; in Violation of 8 U.S.C. § 1326(a) and (b)(2). The case thereafter came before the Court for a hearing on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E). At the conclusion of the hearing, the Court found that Defendant had not overcome the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3). The Court ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no combination of available release

conditions would reasonably assure the safety of the community and a preponderance of the evidence established that no such conditions would reasonably assure Defendant's presence in court. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I. BACKGROUND

Before the hearing, a United States Probation Officer prepared a Pretrial Services Report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review the report before the hearing. Defendant's only objection was with respect to his previous deportation. Defendant incorrectly interprets the report as stating that Defendant did not possess any documentation allowing legal residence in the United States when he was deported on September 20, 2002. However, the report states that Defendant does not *currently* possess any documentation allowing legal residence in the United States. The report does not address whether Defendant was here legally when he was first deported.

At the hearing, Defendant was afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appeared at the hearing, and to present information by proffer or otherwise. 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) David Webster Special Agent of the Drug Enforcement Administration who investigated this matter.

2

## II. DISCUSSION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

Based on the record before it, the Court makes the following findings of fact and/or conclusions of law. First, with respect to the nature of the offenses charged against Defendant, the Court notes that the charges are serious. Secondly, the weight of the evidence against Defendant is strong as to the charged offenses in that the Government presented the testimony of Agent Webster who testified about the search and arrest of Defendant.

In Reidsville, North Carolina, the police received a call that drugs were in the presence of children at a particular address on a street named Circle Drive. Lieutenant Owens, a law enforcement officer, went to the location to investigate. Lieutenant Owens observed Defendant walking across the street concealing a plastic container. Defendant was startled by Lieutenant Owens and began rushing to his vehicle. Lieutenant Owens approached Defendant and told Defendant that she came to the address in response to a call about drugs being present in the area. Lieutenant Owens questioned Defendant about the drugs and patted Defendant down for her own protection. Lieutenant Owens felt a hard object in Defendant's

3

front pocket and pulled it out. The object appeared to be crystal methamphetamine. Defendant gave consent for Lieutenant Owens to search the vehicle. In the vehicle, Lieutenant Owens found 2,035 grams of crystal methamphetamine, an ounce of cocaine, and $1,590 dollars. Subsequently, a lab test revealed that the substance found in the car was crystal methamphetamine. In addition, Defendant also admitted that he recently started selling crystal methamphetamine. During the search Defendant gave law enforcement the wrong name. After being taken to jail, the United States Immigration Customs Enforcement discovered that his real name is Jose Gutierrez-Yanez.

Finally, while Defendant does not have an extensive criminal history of dangerous conduct, the nature of the pending charges raises concerns for the Court about Defendant's potential danger to the community and his appearance for further court proceedings. Furthermore, no third party custodian was offered in this case. The Court concludes that the record establishes by clear and convincing evidence that no combination of available release conditions would reasonably assure the safety of the community and a preponderance of evidence establishes that no conditions would ensure Defendant's presence in court. Defendant has not overcome the presumption of detention in this case pursuant to 18 U.S.C. § 3142(e)(3).

IT IS THEREFORE ORDERED that the Motion for Detention by the United States is GRANTED and Defendant shall be detained pending disposition of the instant charges pursuant to 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being

4

Case 1:16-cr-00113-TDS Document 10 Filed 04/22/16 Page 4 of 5

held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

April 22nd, 2016

_____
Joe L. Webster
United States Magistrate Judge