IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:16CR113-1 |
| | : | |
| v. | : | |
| | : | |
| JOSE GUTIERREZ-YANEZ, | : | |
| also known as Daniel | : | |
| Saucedo-Gutierrez, Jose | : | |
| Gutierrez-Saucedo, and | : | |
| Daniel Gutierrez-Saucedo | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, JOSE GUTIERREZ-YANEZ, in his own person and through his attorney, Helen L. Parsonage, and state as follows:

1. The defendant, JOSE GUTIERREZ-YANEZ, is presently under Indictment in case number 1:16CR113-1, which in Count One charges him with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine; and which in Count Two charges him with a violation of Title 8, United States Code, Section 1326(a) and (b)(2), reentry of an aggravated felon.

2. The defendant, JOSE GUTIERREZ-YANEZ, will enter a voluntary plea of guilty to Counts One and Two of the Indictment herein. The

nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, JOSE GUTIERREZ-YANEZ, understands that as to Count One of the Indictment herein he shall be sentenced to a term of imprisonment of not more than twenty years, a fine not to exceed $1,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JOSE GUTIERREZ-YANEZ, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment.

b. The defendant, JOSE GUTIERREZ-YANEZ, understands that because Count One of the Indictment herein relates to a felony violation involving a listed chemical, the defendant may be enjoined from engaging in any transaction involving a listed chemical for not

more than ten years, pursuant to Title 21, United States Code, Section 841(e).

   c. The defendant, JOSE GUTIERREZ-YANEZ, also understands that as to Count One of the Indictment herein the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

   d. The defendant, JOSE GUTIERREZ-YANEZ, is charged in Count Two of the Indictment herein with a violation of Title 8, United States Code, Section 1326(a) and (b)(2). The defendant, JOSE GUTIERREZ-YANEZ, understands that the maximum term of imprisonment provided by law for the charge contained in Count Two of the Indictment herein pursuant to Title 8, United States Code, Section 1326(a), is not more than two years. The defendant, JOSE GUTIERREZ-YANEZ, further understands that, if sentenced as to the charge contained in Count Two of the Indictment herein pursuant to Title 8, United States Code, Section 1326(a), the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment pursuant to Title 18, United States Code, Section 3583.

   e. The defendant, JOSE GUTIERREZ-YANEZ, further understands that, upon acceptance by the Court of a guilty plea as to the charge contained in Count Two of the Indictment herein, the

defendant could be subject to enhanced penalty provisions of Title 8, United States Code, Section 1326(b)(1), at the time of sentencing if the Court determines that his removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony). If the Court determines that Title 8, United States Code, Section 1326(b)(1), is applicable, the maximum term of imprisonment for the charge contained in Count Two of the Indictment herein shall be not more than ten years. The defendant, JOSE GUTIERREZ-YANEZ, also understands that, if sentenced as to the charge contained in Count Two of the Indictment herein pursuant to Title 8, United States Code, Section 1326(b)(1), the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment pursuant to Title 18, United States Code, Section 3583.

  f. The defendant, JOSE GUTIERREZ-YANEZ, further understands that, upon acceptance by the Court of a guilty plea as to the charge contained in Count Two of the Indictment herein, the defendant could be subject to enhanced penalty provisions of Title 8, United States Code, Section 1326(b)(2), at the time of sentencing if the Court determines that his removal was subsequent to a conviction for commission of an aggravated felony. If the Court

4

determines that Title 8, United States Code, Section 1326(b)(2), is applicable, the maximum term of imprisonment for the charge contained in Count Two of the Indictment herein shall be not more than twenty years. The defendant, JOSE GUTIERREZ-YANEZ, also understands that, if sentenced as to the charge contained in Count Two of the Indictment herein pursuant to Title 8, United States Code, Section 1326(b)(2), the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment pursuant to Title 18, United States Code, Section 3583.

    g. The defendant, JOSE GUTIERREZ-YANEZ, understands that the maximum fine for Count Two of the Indictment herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JOSE GUTIERREZ-YANEZ, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

h. The defendant, JOSE GUTIERREZ-YANEZ, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

i. The defendant, JOSE GUTIERREZ-YANEZ, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JOSE GUTIERREZ-YANEZ, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

6

3. By voluntarily pleading guilty to Counts One and Two of the Indictment herein, the defendant, JOSE GUTIERREZ-YANEZ, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, JOSE GUTIERREZ-YANEZ, is going to plead guilty to Counts One and Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. It is understood that if the Court determines at the time of sentencing that the defendant, JOSE GUTIERREZ-YANEZ, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6. The defendant, JOSE GUTIERREZ-YANEZ, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, JOSE GUTIERREZ-YANEZ, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, JOSE GUTIERREZ-YANEZ, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate

8

Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 11th day of JUNE ~~May~~, 2016.

_____  
RIPLEY RAND  
United States Attorney

_____  
HELEN L. PARSONAGE  
Attorney for Defendant

_____  
RANDALL S. GALYON  
NCSB #23119  
Assistant United States Attorney

101 S. Edgeworth St., 4th Fl.  
Greensboro, NC 27401

336/333-5351

JOSE GUTIERREZ YANEZ  
_____  
JOSE GUTIERREZ-YANEZ  
Defendant

9